## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| MARGUERITE A. TWEED,<br><br>      Plaintiff,<br><br> v.<br><br>METRO MOTORS S.C., INC.,<br><br>      Defendant. | 2004-CV-0142 |

TO: Natalie Nelson Tang How, Esq.
   Johanna Harrington, Esq.

### ORDER REGARDING DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS

THIS MATTER is before the Court upon Defendant's Motion for Discovery Sanctions (Docket No. 52). Plaintiff filed an opposition, to which Defendant filed a reply.

Pursuant to Federal Rule of Civil Procedure 37, Defendant requests that the Court (1) exclude from consideration all of Plaintiff's expert witnesses and their associated testimony, (2) exclude from consideration all of Plaintiff's untimely produced documentary evidence, and (3) award it the costs and attorney's fees associated with Plaintiff's discovery failure(s). Defendant also makes a fourth request, pursuant to Local Rule 37.3, that the Court award it the costs and attorney's fees associated with the preparation of its portion of the proposed joint stipulation required under Local Rule 37.2.

*Tweed v. Metro Motors*
2004-CV-0142
Order Regarding Defendant's Motion For Discovery Sanctions
Page 2

According to the scheduling order of August 25, 2006 (Docket No. 26), Plaintiff's experts were to be named and copies of their opinions provided by October 31, 2006. Experts' depositions were to have been completed by February 15, 2007. Trial, originally scheduled for June 4, 2007, has been continued to August 13, 2007. Plaintiff's opposition claims that she has only one expert witness, Richard Moore, and that her corresponding expert report is to be expected shortly; however, Plaintiff has still not filed an expert report as of the date of this order. Plaintiff previously named a second expert witness, Chester Copemann, but, as stated in Plaintiff's opposition, Plaintiff subsequently named the second expert witness as a fact witness in her Witness List (Docket No. 54). The Court will address Defendant's four requests in the order presented above.

When considering motions to exclude, the Court weighs the factors outlined in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd,* 482 U.S. 656 (1987). The four *Meyers* factors are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Tweed v. Metro Motors*
2004-CV-0142
Order Regarding Defendant's Motion For Discovery Sanctions
Page 3

*Meyers*, 559 F.2d at 904-05.

With trial scheduled less than a month from the date of this order, Defendant would suffer prejudice if the Court were to allow Plaintiff to submit an expert report at this late juncture and call that expert to testify at trial. As the trial date is fast approaching, Defendant would hardly be able to cure the effects of such prejudice. Allowing Plaintiff to submit an expert report, now, would disrupt the orderly and efficient trial of the case, since the case would have to be continued again in order to accommodate full and fair discovery. Plaintiff does not seem to have demonstrated any bad faith or willfulness in failing to comply with the August 25, 2006 scheduling order. However, the first three *Meyers* factors all weigh in favor of exclusion and, combined, they outweigh the fourth factor. Therefore, the Court, having conducted a *Meyers* analysis, will grant Defendant's first request, to exclude Plaintiff's expert witnesses and associated testimony. Richard Moore may not testify; Chester Copemann may not provide any expert testimony, and therefore, he may not provide any testimony outside of his capacity as a fact witness.

As Plaintiff has not untimely produced any documentary evidence at this point, the Court will deny Defendant's second request as not ripe.

Regarding Defendant's third request, for costs and attorney's fees associated with Plaintiff's discovery failures, Federal Rule of Civil Procedure 37 provides, in pertinent part:

*Tweed v. Metro Motors*
2004-CV-0142
Order Regarding Defendant's Motion For Discovery Sanctions
Page 4

> [I]f a party fails to obey [a scheduling order], the court in which the action is pending may make such orders in regard to the failure as are just . . . . In lieu of any of the [suggested] orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

Plaintiff failed to abide by the scheduling order of August 25, 2006. The Court does not find either that Plaintiff's discovery failure(s) were substantially justified or that other circumstances make an award of expenses unjust. Therefore, the Court is bound by Rule 37 to order Plaintiff to reimburse Defendant for the reasonable expenses, including attorney's fees, caused by Plaintiff's discovery failure(s).

Finally, the Court turns to Defendant's fourth request, for an award of costs and attorney's fees associated with the preparation of its portion of the proposed joint stipulation required under Local Rule 37.2. Defendant notified the Court that it had served Plaintiff with Defendant's portion of the proposed joint stipulation (Docket No. 48), but Defendant never filed said joint stipulation with the Court. Instead, Defendant filed the present motion, pursuant to Local Rule 37.2(d), with a declaration from Defendant's counsel establishing that opposing counsel thwarted the filing of a joint stipulation.

*Tweed v. Metro Motors*
2004-CV-0142
Order Regarding Defendant's Motion For Discovery Sanctions
Page 5

Local Rule 37.3 states: "The failure of any counsel to comply with or cooperate in the foregoing procedures[, a Local Rule 37.1 conference or a Local Rule 37.2 preparation of a joint stipulation,] may result in the imposition of sanctions." LRCi 37.3. Defendant has established that Plaintiff's counsel failed to comply with the preparation of the proposed joint stipulation. Therefore, the Court will grant Defendant's fourth request and order Plaintiff to reimburse Defendant for the reasonable expenses, including attorney's fees, associated with the preparation of Defendant's portion of the proposed joint stipulation.

Accordingly, it is now hereby **ORDERED:**

1. Defendant's Motion For Discovery Sanctions (Docket No. 52) is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff's expert witnesses and associated testimony are excluded from consideration. Richard Moore is precluded from testifying. Plaintiff may call Chester Copemann as a fact witness only. He is precluded from providing any expert testimony; that is, he may not provide any testimony outside of his capacity as a fact witness.

3. Plaintiff shall pay Defendant its reasonable expenses, including attorney's fees, associated with the preparation and filing of the said motion for

*Tweed v. Metro Motors*
2004-CV-0142
Order Regarding Defendant's Motion For Discovery Sanctions
Page 6

      sanctions and the preparation of its portion of the proposed joint discovery stipulation.

4. Counsel for Defendant shall file, within five (5) days from the date of entry of this order, an affirmation or other certification of Defendant's costs and attorney's fees associated with the preparation and filing of Defendant's Motion For Discovery Sanctions and Defendant's portion of the proposed joint discovery stipulation.

      ENTER:

Dated: July 17, 2007                 /s/
      GEORGE W. CANNON, JR.
      U.S. MAGISTRATE JUDGE